# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE DATZ, #60248, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:15-CV-4315-TWT-CMS |
| SHERIFF NEAL WARREN, et al., Defendants. | : : | |

## NON-FINAL REPORT AND RECOMMENDATION

George Datz, a pre-trial detainee in the Cobb County Jail, has filed an Amended Complaint pursuant to 42 U.S.C. § 1983 [4]. That Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A.

In a one-paragraph Statement of Claim, Mr. Datz alleges that Sheriff Neal Warren, Medical Director David Howe, and Dr. Hendrix have been deliberately indifferent to his serious medical needs by refusing him treatment for Hepatitis C and cirrhosis of the liver. *See* [4] at 3. Specifically, Mr. Datz alleges that as a consequence he "will need a liver transplant" and is in "severe pain." *Id.* Mr. Datz alleges that he has spoken only to Dr. Hendrix, who says "it cost[s] to[o] much to treat," but that he

further believes that "Sheriff Neal War[r]en, David Howe, and Dr. Hendrix are in this together to see that [he is] not treated all over money." *Id.* at 3.

Given the requirement that this Court construe Mr. Datz's filings liberally, these allegations are adequate to state a claim for relief for deliberate indifference to his serious medical needs. *See generally Erickson v. Pardus*, 551 U.S. 89 (2007) (permitting a deliberate indifference to serious medical needs claim for non-treatment of Hepatitis C to go forward).

That does not mean, however, that Mr. Datz may sue all three of the defendants he has named in his Amended Complaint. "Supervisory liability under § 1983 occurs 'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.'" *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). Mr. Datz's Amended Complaint does not include allegations adequate to establish a "causal connection" with respect to Sheriff Warren or Medical Director Howe. *See id.* (listing three ways to establish a "causal

connection"). Only Dr. Hendrix's involvement is alleged in sufficient factual detail to warrant his inclusion, at this early stage, as a defendant.

The undersigned therefore **RECOMMENDS** that Mr. Datz **BE PERMITTED TO PROCEED** on his deliberate indifference to serious medical needs claim against Dr. Hendrix, but that his claims against Sheriff Warren and Medical Director Howe be **DISMISSED WITHOUT PREJUDICE**.

If this Non-Final Report and Recommendation is adopted, the undersigned will issue an appropriate Order regarding service of process.

Mr. Datz's application for permission to proceed *in forma pauperis* [2] is **GRANTED**.

As a prisoner, Mr. Datz is obligated to pay the entire $350 filing fee in "monthly payments of 20 percent of the preceding month's income credited to" his account, and "[t]he agency having custody of [Mr. Datz] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee[]" is paid in full. 28 U.S.C. § 1915(b)(2).

3

The Clerk of the Court is **DIRECTED** to transmit a copy of this Order to the warden of the institution where Mr. Datz is confined.

The warden of that institution, or his designee, is **DIRECTED** to (A) collect the aforesaid monthly payments from Mr. Datz's inmate account and (B) remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350 filing fee is paid in full.

**SO RECOMMENDED AND DIRECTED**, this 11th day of April, 2016.

_/s/ Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE